■ GENERAL MOTORS ACCEPTANCE CORP. et al., Respondents, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant. [983 NYS2d 513]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered August 19, 2013, which, to the extent appealed from, denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion is granted. The Clerk is directed to enter judgment accordingly.

The motion court erred when it denied defendant insurer's motion for summary judgment where plaintiffs, defendant's insured and the excess insurer, failed to raise an issue of fact. The record does not present conduct that constitutes a "gross disregard" by defendant of plaintiffs' interests (*see Pavia v State Farm Mut. Auto. Ins. Co.*, 82 NY2d 445, 453-454 [1993]).

We reject plaintiffs' argument that defendant avoided acknowledging the underlying plaintiff's potential damages such that a refusal to offer the policy limit constituted a reckless or conscious disregard of the excess insurer's rights. While there was some indication that damages could be significant if the medical records substantiated the underlying plaintiff's claim of a loss of smell from a severe blow to the head, the record established that defendant's investigation presented a great deal of medical evidence tending to show that the underlying plaintiff's injuries were primarily preexisting soft tissue injuries unrelated to the automobile accident on April 24, 1994. Defendant's investigation included the medical opinion of four physicians that conducted independent medical examinations; one psychologist who conducted a review of the extensive medical records; experienced defense counsel; and separate monitoring counsel for the damages trial. The review of the numerous medical records, which included contradicting evaluations of the underlying plaintiff's treating physicians, provided a justifiable basis to fairly evaluate potential damages and assess the relative risks of declining to offer a settlement of the policy limit.

Given this evaluation, defendant's actions do not amount to bad faith. In hindsight, it is evident that defendant's failure to make a settlement offer of the policy limit was not prudent. However, "[a]n insurer does not breach its duty of good faith when it makes a mistake in judgment or behaves negligently" (*Federal Ins. Co. v North Am. Specialty Ins. Co.*, 83 AD3d 401, 402 [1st Dept 2011]). Here, the assessment of the insured's exposure and the failure to make a settlement offer of the policy limit was a mistake in judgment. It does not demonstrate that defendant acted in bad faith by failing to heed contrary evidence. Instead, the record shows defendant's reasonable belief that, under the No Fault Law, the underlying plaintiff did not sustain a serious injury causally related to the accident. Thus, we find that the record does not demonstrate any pattern of reckless or conscious disregard for plaintiffs' rights. Further, there was no settlement opportunity presented at a time where defendant's doubts concerning the ability to prove serious injury had been eliminated.

We have considered the remaining arguments and find them unavailing. Concur—Acosta, J.P., Renwick, Feinman and Clark, JJ. **[Prior Case History: 2013 NY Slip Op 31939(U).]**